(7 Misc. Rep. 262.)

### In re EGAN'S ESTATE.

(Surrogate's Court, New York County. February, 1894.)

TEMPORARY ADMINISTRATOR—COMPENSATION.

The compensation of a temporary administrator is measured by the statutory commissions allowed to executors and administrators, but is not limited to cases in which an executor or administrator could be awarded commissions, and therefore the fact that some of the bequests are specific does not deprive a temporary administrator of his right to commissions thereon.

Judicial settlement of the accounts of the temporary administrator of Clara M. Egan, deceased.

George M. Barry, for temporary administratrix.

Redfield & Redfield, for legatee.

FITZGERALD, S.　　In Re Estate of Lane, Surr. Dec. 1891, p. 388, the question was whether the temporary administrator was entitled to receive compensation measured by the value of his services, which he claimed to be in excess of the commissions fixed by statute for the services of an executor or administrator. It was held that the statutory commissions furnished the standard to be applied in measuring his remuneration, but no determination was made that the court, in applying the standard, should confine it to cases in which an executor or administrator could be awarded commissions. The fact that an executor is not entitled to commissions on property specifically bequeathed is no reason for depriving a temporary administrator of commissions thereon. It is the duty of the executor to deliver the property to the legatee pursuant to the direction of the testator, and in such case it is considered that there cannot be, actually or constructively, such a receiving and paying out within the meaning of the statute, or such a rendition of services, as would entitle him to commissions. The object of the law in providing for the appointment of a temporary administrator is to insure the safety and preservation of the property, and, ordinarily, its ultimate delivery in kind by the administrator upon the termination of his office, and the compensation which is awarded to him is given for these services. Green v. Sanders, 18 Hun, 308; In re Estate of Lane, Surr. Dec. 1891, p. 388; In re Estate of Stanfield, Surr. Dec. 1892, p. 237. The circumstance, therefore, that some of the bequests in this case are specific does not deprive the administrator of commissions on the same. Decree accordingly.